Brady, J.
I have made several examinations of this case and have always arrived at the conclusion that the motion should be granted. The business relations of the witness, Charles B. Peet, to the plaintiff and the decedent, and that of each to the other, were such, when united to the demand herein, as to make it just that the contemplated accounting should be had, or, at least, that such an examination of the partnership accounts should be made as would determine the issue presented, whether the decedent in fact was the plaintiff’s debtor. The defendants should not be driven to a separate action. The court in this has ample power to bring in the necessary parties, and Charles B. Peet is a necessary party, for the purpose stated (Munson v. Howell, 20 How. Pr. 60; Code, §§ 507, 447, 452 ; Dayton on Surr. 389).
Indeed, it is the duty of the court to order a person to be made' a party, when it appears at the hearing, or at any stage of the suit, that such a course is necessary to a complete determination of the controversy, even though no objection has been made by either party (1 Wait’s Pr. 164, and cases cited).
I have no suggestion to make as to merits. The *198 propriety of granting this motion is all that I have considered.
Ordered accordingly.
No appeal was taken.